## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

___

| | )| |
|---|---|---|
| **PHOENIX QUALITY, LLC** | ) | |
| | ) | |
|         **PLAINTIFF** | ) | **Civil Action No. 4:12cv-00026-JHM** |
| v. | ) | **CHIEF JUDGE JOSEPH H. MCKINLEY, JR.** |
| | ) | |
| **DARIAN FYFFE** | ) | |
| | ) | |
|         **DEFENDANT** | ) | |

___

## **REPORT AND RECOMMENDATION**

      The undersigned submits this report regarding the status of the case and recommends that it be dismissed without prejudice due to Plaintiff's failure to prosecute the action.

      Plaintiff Phoenix Quality, LLC ("Phoenix") filed this action on February 16, 2012, (DN 1) against Defendants Omico, Inc., and Darrian Fyffe.  Phoenix's complaint alleged wrongful conduct of Fyffe as a former employee and Omico as a subsequent employer.  Phoenix subsequently amended the complaint to join First Call Temporary Services, Inc. (DN 25).  Eventually, Phoenix resolved the claims against Omico, Inc., and First Call Temporary Services, Inc., and they were dismissed from the action (DN 23 & 67).  Only Defendant Fyffe remains.  Fyffe defends *pro se*, and the claims against him are currently stayed due to his personal bankruptcy filing (DN 63).

On January 13, 2015, Phoenix's counsel filed a motion for leave to withdraw as counsel (DN 70). They explained that they had been unable to contact their client since May 16, 2014, some eight months earlier, despite repeated efforts to make contact in the interim. The undersigned granted the motion to withdraw (DN 73) and entered an order directing Phoenix to have substitute counsel enter an appearance within 30 days of the order. As Phoenix is a business entity and therefore unable to proceed *pro se*, the undersigned further admonished Phoenix that failure to have substitute counsel enter an appearance by the deadline would be construed as an indication that Phoenix no longer wished to prosecute the case and the undersigned would recommend dismissal for failure to prosecute. There have since been no filings on behalf of Phoenix, and deadline has expired.

Fed. R. Civ. P. 41(b) authorizes the involuntary dismissal of an action if the plaintiff fails to prosecute it or comply with an order of the court. *See* Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction of dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). The present case presents precisely this situation.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the action be dismissed, without prejudice, due to Plaintiff's failure to comply with the order of this court and to prosecute the action in a timely manner.

## **NOTICE**

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.) aff'd, U.S. 140 (1984).